WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auendrea Reynolds,<br><br>   Plaintiff,<br><br>v.<br><br>United States of America,<br><br>   Defendant. | No. CV-23-00248-TUC-AMM<br><br>**ORDER** |

Pending before the Court is Defendant United States of America's Motion for Summary Judgment. (Doc. 59.) The motion is fully briefed, and the Court heard argument on March 4, 2026. (Docs. 60, 65–66, 76, 80, 89.) The issue presented is whether Reynolds timely presented her administrative claim to the Department of Health and Human Services ("HHS"). (Doc. 59.) For the reasons discussed herein, the Court finds that Reynolds failed to do so, and the Court will grant Defendant's motion.

## I. BACKGROUND

This case arises from Plaintiff Auendrea Reynolds's allegation that Canyonlands Community Health Center ("Canyonlands") and its individual providers Michael Baker, FNPC, Roberta Boon, FNPC, and Laura Miller, MD, negligently failed to timely diagnose and treat her melanoma. (Doc. 1.) At the time of the events alleged in the Complaint, Canyonlands and the individual providers were deemed to be Public Health Service ("PHS") employees under 42 U.S.C. § 233(g). (Doc. 66, Plaintiff's Statement of Facts "PSOF" ¶ 22; Doc. 60, Defendant's Statement of Facts "DSOF" ¶ 1.) On October 18, 2019,

Reynolds visited Canyonlands due to a lesion on her thigh. (Doc. 1; DSOF ¶ 4.) She followed up with a Canyonland's provider on December 4, 2019 to discuss the lesion and her depression, however she alleges the biopsy results were not mentioned during that appointment. (Doc. 1.) On May 20, 2020, Reynolds returned to Canyonlands due to the lesion doubling in size, and a repeat biopsy was performed at a subsequent appointment. (*Id.*) Almost eight months after her initial appointment, she was diagnosed with melanoma on June 15, 2020. (*Id.*) After learning of her melanoma diagnosis, Reynolds filed a medical negligence lawsuit against Canyonlands and the individual providers. *See Reynolds v. United States*, CV-23-00050-TUC-CKJ ("*Reynolds I*"), Doc. 1.

### *Reynolds I*

Specifically, on March 31, 2022, Reynolds filed an action in Graham County Superior Court alleging Canyonlands and the individual providers' negligent acts or omissions caused her injury. (PSOF ¶ 3; DSOF ¶ 1.) Reynolds alleged in that matter, and consistently since, that she first learned of the alleged medical negligence on June 15, 2020. (DSOF ¶ 1; Doc. 66-10 at 2;) *Reynolds I*, Doc. 1.

After Reynolds served Canyonlands on May 18, 2022, an Assistant U.S. Attorney contacted Reynolds's counsel and indicated that the action may be covered under the Federal Tort Claims Act ("FTCA"). (PSOF ¶¶ 5, 9.) Reynolds subsequently completed an administrative tort claim form ("SF-95"), which indicated the date of accident as June 15, 2022. (*Id.* ¶ 11; DSOF ¶ 3; Doc. 66-10 at 2.) Although her SF-95 marked the appropriate agency as HHS c/o General Law Division, Reynolds instead addressed and mailed the form to the U.S. Attorney General on June 7, 2022. (PSOF ¶¶ 11–13; DSOF ¶ 3.) While Reynolds "denies that the Form SF-95 was addressed to the U.S. Attorney General" and asserts the form was "clearly addressed" to HHS (Doc. 66 at 2), the receipt Reynolds submitted as an exhibit shows the form was in fact mailed via FedEx Priority Overnight to the "US Attorney General" at "950 Pennsylvania Ave NW, Washington, DC 20530-0009" not HHS (Doc. 66-11 at 2).

The Department of Justice ("DOJ") received Reynolds's SF-95 on June 8, 2022, and

thereafter forwarded it to its Torts Branch division, which received it on June 14, 2022. (PSOF ¶ 16; DSOF ¶ 3.) On August 26, 2022, the Torts Branch division sent Reynolds a letter indicating her administrative claim involved HHS, rather than the DOJ, and confirmed it forwarded her claim to HHS. (PSOF ¶ 19; DSOF ¶ 3.) HHS received Reynolds SF-95 on September 1, 2022. (DSOF ¶ 3.)

On January 23, 2023, the U.S. Attorney General, through the U.S. Attorney's Office Civil Division Chief, signed a Certification of Scope of Employment affirming that Canyonlands "was an entity deemed by the Secretary of [HHS] to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g)" and that its individual providers were employees of Canyonlands. *Reynolds I*, Docs. 1-7–1-10. Further, the certification stated that Canyonlands and the individual providers were acting "within the scope of [their] employment" with the PHS at the time of the matters alleged in the Complaint. *Id.*

Shortly after, on January 25, 2023, the United States filed a Notice of Removal in the district court indicating it was removing the action "pursuant to 42 U.S.C. § 233(c)." *Reynolds I*, Doc. 1 at 1. The notice stated that HHS had "deemed Canyonlands and its employees . . . to be employees of the Public Health Service for purposes of coverage under Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, at all times described in the Complaint." *Id.* at 2. The notice further referenced and attached as exhibits the Certifications of Scope of Employment for Canyonlands and each individual provider. *Id.*; *Reynolds I*, Doc. 1-7–1-10. Relevant to the statute of limitations discussion below, in addition to stating the certification was "[p]ursuant to 42 U.S.C. § 233(c)," the Notice of Removal also twice cites 28 U.S.C. § 2679(d).

> Pursuant to 42 U.S.C. § 233(c), upon certification by the Attorney General that a defendant was acting within the scope of deemed federal employment at the time of the incident out of which the claim arose, any civil action commenced upon a claim for damages for personal injury or death resulting from medical or related functions in a state court shall be removed without bond at any time before trial to the district court of the United States for the district and division where the action is pending and shall be deemed a tort action against the United

- 3 -

> States under 28 U.S.C. § 2679(d). The United States is automatically substituted in place of the covered employee. 28 U.S.C. § 2679(d)(1).

*Reynolds I*, Doc. 1 at 2. The Civil Cover Sheet attached to the Notice of Removal likewise cites 28 U.S.C. § 2679(d)(2) as the "Cause of Action," and the Supplemental Cover Sheet indicates the reason the United States had not yet been served was because it was "[s]ubstituted for deemed employees . . . pursuant to 28 [U.S.C. §] 2679(d)(1)." *Reynolds I*, Doc. 1-1 at 1; Doc. 1-2 at 2.

Thereafter, the United States was substituted as Defendant for Canyonlands and the individual providers pursuant to 42 U.S.C. § 233(c). (PSOF ¶ 22; DSOF ¶ 2.) Defendant United States moved to dismiss that action for lack of jurisdiction asserting Reynolds had failed to exhaust her administrative remedies before filing the action. (DSOF ¶ 2;) *Reynolds I*, Doc. 3. In its motion, Defendant stated Canyonlands and the individual providers had been certified as deemed PHS employees acting within the scope of their employment "pursuant to 28 C.F.R. § 15.4, 28 U.S.C. § 2679(d)(1)[,] and 42 U.S.C. §233." *Reynolds I*, Doc. 3 at 1. The motion further asserted the United States had been substituted as a defendant "by operation of 42 U.S.C. §§ 233(a)&(g) and 28 U.S.C. § 2679(d)(1)." *Id.* In response to the motion, Reynolds "concede[d] that the federal court does not have subject matter jurisdiction at this time and the matter should be dismissed without prejudice . . . ." *Reynolds I*, Doc. 4 at 2. Accordingly, on May 30, 2023, the court granted the motion finding "the parties agree federal court does not have subject matter jurisdiction at this time" and dismissed the action without prejudice. (PSOF ¶ 23;) *Reynolds I*, Doc. 6.

### ***Reynolds II***

On June 2, 2023, Reynolds filed the present action against Defendant United States alleging the same medical negligence claim under the FTCA. (Doc. 1; DSOF ¶ 4.) On August 10, 2023, HHS denied Reynolds's administrative claim. (DSOF ¶ 4.) The United States filed its answer on August 21, 2023, without first filing a motion to dismiss.[1] (Doc.

---

[1] At oral argument, defense counsel averred the Government did not move to dismiss the action at that time because it required discovery regarding Reynolds's administrative claim.

- 4 -

8; PSOF ¶ 26.) Thereafter, the parties filed their Joint Case Management Report, at which time the parties did not dispute the Court's jurisdiction.[2] (Doc. 10; PSOF ¶¶ 26, 28–29.) This matter then proceeded through discovery for the next sixteen months. (*See* PSOF ¶¶ 30–37.)

Defendant United States now moves for summary judgment asserting Reynolds failed to timely present her claim to HHS and therefore her claim is barred by the statute of limitations and must be dismissed. (Doc. 59.) Reynolds raises four alternative arguments for why her claim should be considered timely: (1) the statute of limitations was tolled on March 31, 2022 when she filed her initial action in superior court; (2) her claim was constructively filed before the limitations period ran on June 15, 2022 when the DOJ received her SF-95; (3) Defendant conceded the Court had jurisdiction; and (4) her claim is entitled to equitable tolling. (Doc. 65 at 5–13.)

## II.    LEGAL STANDARD

### a.  Summary Judgment

A court may grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). An issue is genuine when the disputed fact "could reasonably be resolved in favor of either party." *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)). A disputed fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248 ("Factual disputes that are irrelevant or unnecessary will not be counted.").

### b.  Federal Tort Claims Act

"As a sovereign, the United States 'is immune from suit save as it consents to be sued.'" *Myles v. United States*, 47 F.4th 1005, 1011 (9th Cir. 2022) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The FTCA, however, is an example of the federal

---

[2] The Court also independently reviewed the matter for subject matter jurisdiction and did not find it lacking at that time based on the pleadings before the Court.

government consenting to be sued for certain types of actions." *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1124 (9th Cir. 2023). Under the FTCA, "the United States may be held liable in tort for the actions or omissions of its employees 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022) (first quoting 28 U.S.C. § 1346(b)(1); then citing *id.* § 2674).

Before an FTCA claim may be brought against the United States, a plaintiff must timely present an administrative claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). The appropriate agency is the one "whose activities [give] rise to the claim." *See* 28 C.F.R. § 14.2(b)(1). The FTCA's statutory limitations period establishes that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b).

## III.    DISCUSSION

Reynolds does not contest that her claim accrued on the date she was diagnosed with melanoma: June 15, 2020. (DSOF ¶¶ 1, 3–4; *see* PSOF at 1–2; Doc. 66-10.) Accordingly, she had until June 15, 2022 to present her claim to HHS, unless the limitations period was tolled by a statute or equitable remedy.

> **a.  The two-year limitations period ran on June 15, 2022 and was not tolled by 42 U.S.C. 233(c) or 28 U.S.C. § 2679(d)(5).**

Reynolds first argues the limitations period did not run on June 15, 2022 because either the Public Health Service Act ("PHSA"), 42 U.S.C. § 233(c), or the Westfall Act's savings clause, 28 U.S.C. § 2679(d)(5), suspended the limitations period when she filed her civil action in state court. (Doc. 65 at 5–8.) The Court finds neither statute applies to toll the limitations period that ran on June 15, 2022.

> **i.  Section 233(c) does not suspend the limitations period as § 233 provides the exclusive remedy in this matter.**

"Congress enacted the PHSA in 1944 to enable the federal government to meet the

- 6 -

country's growing public health needs." *Evans v. United States*, 132 F.4th 473, 477 (7th Cir. 2025) (citing Public Health Service Act, Pub. L. 78-410, 58 Stat. 682-792 (1944)). Due to "concern[] about the level of malpractice premiums for federally-funded neighborhood health centers," Congress further amended the PHSA in 1992 by enacting the Federally Supported Health Centers Assistance Act ("FSHCAA"). *Id.* at 478 (first citing Federally Supported Health Centers Assistance Act, Pub. L. 102-501, 106 Stat. 3268–72 (1992); then citing 42 U.S.C. § 233(g)). The FSHCAA "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010).

Further, "[u]nder FSHCAA, federally funded health centers and their employees can be 'deemed' federal employees of the PHS for the purposes of malpractice liability." *Blumberger v. Tilley*, 115 F.4th 1113, 1117 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2818 (2025) (citing 42 U.S.C. § 233(g)). "When deemed employees are sued for actions taken within the scope of their employment, the United States is similarly substituted as the defendant and the action proceeds as an FTCA suit." *Id.* (citing § 233(a), (g)(1)(A).) Importantly, the remedy under § 233 is exclusive of any other civil action. *See* § 233(a) (making the remedy in the FTCA "provided by" 28 U.S.C. §§ 1346(b), 2672 "exclusive of any civil action or proceeding" "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the [PHS] while acting within the scope of his office or employment.").

Reynolds argues § 233(c), "[t]he same statute which provided for substitution, removal, and dismissal of the lawsuit against Canyonlands also provides for a suspension of the time for 'filing an application or claim' 'during the pendency of the civil action.'" (Doc. 65 at 6 (citing § 233(c)).) Reynolds asserts § 233(c)'s last sentence suspended the two-year limitations period from the date she filed her initial complaint in Graham County on March 31, 2022, to the time it was dismissed by the district court on May 30, 2023,

extending the limitation period to July 28, 2024. (*Id.* at 5–7.)

Section 233(c) states:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court: *Provided*, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law, the case shall be dismissed, but in the event the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been suspended during the pendency of the civil action or proceeding under this section.

§ 233(c).

When interpreting statutes, the Court is bound by the text. *See Hui*, 559 U.S. at 812 ("We are required . . . to read the statute according to its text."). Here, § 233(c)'s plain language contemplates suspending a limitations period only when a case is remanded and § 233(a)'s exclusive remedy is "precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law . . . ." § 233(c). By contrast, for cases like the present action, § 233 provides the exclusive remedy because Canyonlands and the individual providers were deemed to be PHS employees under § 233(g) and certified as acting within the scope of their duty under § 233(c). *See* § 233(a). This case has not been remanded, and no "availability of a remedy" by other law exists. Reynolds does not cite authority, and the Court had found none,

supporting a different interpretation. As such, the statutory language controls, and § 233(c) does not suspend the limitations period in this matter. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("[W]hen the statutory language is plain, we must enforce it according to its terms.").

### ii. The Westfall Act's savings clause does not apply because Reynolds's claim is under § 233(c), which does not incorporate § 2679(d).

Reynolds next argues the Westfall Act's "savings clause" should toll the limitation period. (Doc. 65 at 7–8.) "The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). "The Westfall Act amended the FTCA to make its remedy against the United States the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hui*, 559 U.S. at 806. "In providing this official immunity, Congress used essentially the same language as it did in § 233(a), stating that the remedy against the United States is 'exclusive of any other civil action or proceeding.'" *Id.* (citing § 2679(b)(1)).

The Westfall Act's "saving clause" extends the FTCA's two-year statute of limitations in cases removed under § 2679(d) and subsequently dismissed for failure to timely present an administrative claim. *See* 28 U.S.C. § 2679(d)(5). The provision states:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

*Id.*

To determine whether the savings clause applies to toll Reynolds's limitation period, the Court considers whether this action is under § 2679(d), and, if not, whether the savings clause nonetheless applies.

Relevant for an action brought in state court, "[u]pon [scope of employment] certification by the Attorney General," "any civil action or proceeding commenced upon such a claim in a State court shall be removed without bond at any time before trial by the Attorney General . . . ." § 2679(d)(2). "Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." *Id.* Notably, "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." *Id.* The Supreme Court has interpreted this provision to mean that "[o]n the jurisdictional issues . . . the Attorney General's certification is conclusive for purposes of removal . . . ." *Osborn*, 549 U.S. at 231. The Court explained that "[s]ection 2679(d)(2) is operative when the Attorney General certifies scope of employment, triggering removal of the case to a federal forum" and "render[ing] the federal court exclusively competent and categorically precludes a remand to the state court." *Id.* at 243 (describing § 2679(d) as an "antishuttling provision[]" that "aims to prevent 'prolonged litigation of questions of jurisdiction of the district court to which the cause is removed.'" (quoting *United States v. Rice*, 327 U.S. 742, 751 (1946))). Thus, upon § 2679(d) certification, a district court has jurisdiction under the Westfall Act.

Here, while Defendant United States' Notice of Removal and Motion to Dismiss in *Reynolds I* cites § 2679(d) several times, the Attorney General's certification clearly states the case was certified and removed under 42 U.S.C. § 233(c). *See Reynolds I*, Docs. 1–1-2, 1-7–1-10, 3. Reynolds acknowledges the certification deeming Canyonlands and the individual providers employees was pursuant to § 233(c). (PSOF ¶ 22.) Further, the Notice of Removal and the certification describe that Reynolds seeks damages for negligent medical care provided by an entity and its employees that HHS deemed PHS employees "[f]or the purposes of" § 233. *Reynolds I*, Docs. 1, 1-7–1-10; § 233(g). The certificate does

not cite § 2679(d), and the facts do not support an action against a federal employee under § 2679 because Canyonlands and the individual providers are "deemed" employees only under § 233(g)'s statutory authority. As such, this action proceeds under § 233(c) only.

Nevertheless, the Court considers whether the Westfall Act's savings clause applies. The Ninth Circuit has not directly decided this issue. However, the Seventh Circuit Court of Appeals' decision in *Evans v. United States* is persuasive. 132 F.4th 473 (7th Cir. 2025). In that case, the court held the plain statutory language indicates § 2679(d)(5) applies only to cases where the United States is substituted as a party under § 2679(d). *See Evans*, 132 F.4th at 479 ("[T]he text of § 2679(d) demonstrates that Congress intended the savings provision in the Westfall Act to apply only when the United States replaces a federal employee as a defendant under § 2679(d), not § 233(c)."). The court contrasted § 233(c) from § 2679(d) by pointing to § 233's unique certification provision and highlighting the "more limited tolling provision" that was added in 2003. *Id.* at 478–79. Further, the Supreme Court held § 233(a) does not incorporate the entirety of the FTCA, but "refers only to '[t]he *remedy* against the United States provided by sections 1346(b) and 2672." *Hui*, 559 U.S. at 809 (citing § 233(a)) (rejecting the argument that § 233(a) incorporates the FTCA in its entirety into § 233). "Thus, only those portions of chapter 171 that establish the FTCA remedy are incorporated by § 233(a)'s reference to § 1346. Section 2679(b) is not such a provision." *Id.*

These cases support a finding that the Westfall Act is functionally broader than § 233(c) and its savings clause does not apply to suspend the limitations period for a case brought under the more-narrow § 233(c). *See Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991) ("[A] specific [statutory] provision controls over one of more general application.").

### b. Reynolds did not constructively present her claim to HHS.

Reynolds alternatively argues her claim was timely presented to HHS when she constructively served her SF-95 on the DOJ on June 8, 2022 and the DOJ failed to forward the form "forthwith" to HHS. (Doc. 65 at 8.) She contends that if the DOJ had forwarded

the form to HHS "when they forwarded it to the FTCA division," the SF-95 "would have been received by HHS within the [June 15, 2022] two-year limitations period." (*Id.*)

An administrative claim is not presented until it is received by the proper agency; the common law mailbox rule does not apply to the FTCA. *See* 28 C.F.R. § 14.2; *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006). Courts have found administrative claims to be "constructively filed" where the improper agency received the claim and failed to transfer it "forthwith" to the appropriate agency. *See* 28 C.F.R. § 14.2(b)(1) (when a claim is submitted to an inappropriate agency, "that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer."); *see also Bukala v. United States*, 854 F.2d 201 (7th Cir. 1988). "However, claimants who wait to the last minute or the eleventh hour and file with the wrong agency cannot take advantage of constructive filing." *Bhatnagar v. United States*, No. 14-CV-00327-MEJ, 2015 WL 2398360, at *6 (N.D. Cal. May 19, 2015) (finding constructive filing has not been applied "where the claim was filed within one or two weeks of the expiration of the statute of limitations").

Here, Reynolds waited until June 7, 2022—eight days before her claim expired—to mail her administrative claim and then sent it to the wrong agency. (PSOF ¶¶ 11–13; DSOF ¶ 3.) DOJ received the form on June 8, 2022, and forwarded it to its Torts Branch division, which received it on June 14, 2022. While it is true that the Torts Branch division did not forward the form to HHS until several weeks later, on August 26, 2022, the Court finds that delay is immaterial because the statute of limitations had already well-run by June 15, 2022. Further, this case is unlike those where the agency failed to forward the claim altogether. *See Green v. United States*, 872 F.2d 236 (8th Cir. 1989) (finding the plaintiff's claim was constructively filed when the inappropriate agency received the claim and never forwarded it to the appropriate agency). Because the Court finds Reynolds waited to the eleventh hour to mail her claim, she may not take advantage of constructive filing. *See Bukala*, 854 F.2d at 204 n. 4 ("Absent governmental misconduct . . . last-minute filings are surely the least compelling cases for allowing constructive filing.").

**c. The United States did not waive the statutory limitations requirement.**

Reynolds next argues Defendant "conceded that the court had jurisdiction and it was proper." (Doc. 65 at 13.) Defendant responds that although "failure to comply with the FTCA's statute of limitations is no longer purely a jurisdictional defect . . . proof of compliance remains a condition of Congress's limited waiver of the United States' sovereign immunity for tort claims." (Doc. 76 at 3.)

The Supreme Court held the FTCA's two-year statute of limitations requirement is "nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). By contrast, for a jurisdictional requirement, "a litigant's failure to comply with the bar deprives a court of all authority to hear a case." *Id.* at 409–10. Despite this, the FTCA's exhaustion requirement remains a prerequisite to the United States' limited waiver of sovereign immunity. *See United States v. Kubrick*, 444 U.S. 111, 117–18 (1979) ("[T]he [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended."). Thus, the United States did not waive the statute of limitations, and, absent equitable tolling, Reynolds's claim is statutorily barred.

**d. Reynolds's claim is not entitled to equitable tolling.**

Reynolds lastly argues that even if the Court finds her claim was not timely filed, her claim is entitled to equitable tolling. (Doc. 65 at 10–13.) To be eligible for the extraordinary remedy of equitable tolling, a plaintiff must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As support for equitable tolling, Plaintiff indicates her counsel was referred the case in late December 2021, and she signed the contingency fee arrangement on January 18, 2022. (Doc. 65 at 10.) Plaintiff further asserts her counsel "was only alerted to the possibility that this was a FTCA claim 10 to 14 days before the statute of limitations and

still was able to have the Form 95 served in time and forwarded to a second federal agency." (*Id.* at 11.) Plaintiff argues the following "extraordinary circumstances" impeded her ability to timely file her administrative claim: Canyonlands had an agent for service, a private attorney, and neither the private attorney nor the U.S. Attorney's Office knew whether she had an FTCA claim. (*Id.*) Defendant counters that Plaintiff did not exercise due diligence in bringing her claim, and she could have "readily determined that the FTCA applied to her suit by asking [Canyonlands] about its status or researching HHS's publicly available websites." (Doc. 59 at 7.) Defendant cites the Health Resources and Services Administration's website, which indicates Canyonlands is a federally funded facility.[3] (*Id.* at 3.)

The Court has considered Reynolds's argument for equitable tolling and finds she presented no evidence of diligently pursuing her claims nor extraordinary circumstances preventing her from presenting her administrative claim. Reynolds waited over 21 months to initially file her action in state court, and another month to begin serving the defendants. Further, given that Canyonlands' "deemed" status was publicly available through HHS's website, Reynolds's failure to send her SF-95 form until June 7, 2022 weighs strongly against her argument. As such, the facts of this matter do not warrant the extraordinary remedy of equitable tolling.

## IV.    CONCLUSION

The PHSA is Reynolds's exclusive remedy against Defendant United States, and she failed to timely present her administrative claim to HHS. As such, she failed to meet the statutory requirements, and Reynolds's Complaint must be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant United States of America's Motion for Summary Judgment is **GRANTED**. (Doc. 59.)

---

[3] At oral argument, Defendant United States requested the Court consider as part of its motion a previously undisclosed, printed copy of a website archive showing Canyonlands' website in 2022 wherein Canyonlands' identifies itself as a deemed PHS employee under 42 U.S.C. § 233(g)–(n). (Doc. 95.) Defendant concedes that the achieved website was untimely disclosed. As such, the Court will deny Defendant's request and will not consider the archived website in its decision. *See* Fed. R. Civ. P. 56.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**. (Doc. 1.) The Clerk of Court shall docket accordingly, term any pending motions, and close the file in this case.

Dated this 26th day of March, 2026.

Honorable Angela M. Martinez
United States District Judge